IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHTSTAR FRANCHISING, LLC<br><br>Plaintiff,<br><br>v.<br><br>FORESIDE MANAGEMENT COMPANY, MARK E. WOODSUM, and CLAIRE WOODSUM,<br><br>Defendants. | Case No. 1:25-cv-08741<br><br>Judge Mary M. Rowland |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

For the reasons set forth in this Court's October 29, 2025 Memorandum Opinion and Order [45] granting in part the Motion [13] of Plaintiff Bright Franchising, LLC ("BrightStar") for Preliminary Injunction,

**IT IS HEREBY ORDERED,** as to all Defendants, jointly and severally, until further Order of the Court**:**

    A.    Defendants are hereby enjoined for a period of 18 months after compliance commences, from, directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person or entity, owning, managing, operating, maintaining, engaging in, consulting with or having any interest in any business that provides (a) supplemental healthcare staff to institutional clients, such as hospitals, nursing homes and clinics; (b) comprehensive care, including medical and non-medical services, to private duty clients within their home; and/or (c) any other services or products BrightStar authorized

1

Defendants to offer or sell in connection with the operation of their former BrightStar Care® Agencies:

1. at the premises of Defendants' former BrightStar Care® Agencies;
2. within the Protected Territories of Defendants' BrightStar Care® Agencies; or
3. within 25 miles of any BrightStar Care® Agency or other BrightStar Care® location, whether franchised or owned by BrightStar or its affiliates that would be considered a Competing Business.

B. Defendants are hereby enjoined for a period of 18 months after compliance commences from, directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person or entity, soliciting business from customers of Defendants' former BrightStar Care® Agencies or from any of BrightStar's referral sources (including without limitation National Accounts), or contacting any of BrightStar's suppliers or vendors for any competitive business purpose.

C. Defendants shall immediately:

1. cease using in any manner whatsoever, including in their business operations and advertising, any methods, procedures, technology or other component of the BrightStar Care® Agency Program in which BrightStar has any right, title or interest;

2. cease representing to the public that they or any of their businesses is or was operated or in any way connected with the BrightStar Care® Agency program or holding themselves out as present or former BrightStar Care® franchisees;

3. cease using or disclosing any Confidential Information (as defined in the Franchise Agreements), including without limitation all prospective and current client information; cease using all telephone numbers and listings used in connection with the operation of Defendants' BrightStar Care® Agencies and take all necessary steps to transfer those telephone numbers to BrightStar, including but not limited to directing the telephone company to transfer all such numbers and listings to BrightStar as required in the Franchise Agreements, including Exhibit I thereto;

4. return to BrightStar the Confidential Information (as defined in the Franchise Agreements) including customer information, whether on paper or electronic, and all trade secrets, confidential materials, and other property owned by BrightStar and all business cards, brochures, marketing materials and other promotional materials;

5. provide BrightStar a complete list of any outstanding obligations Defendants may have to any third parties with respect to their former BrightStar Care® Agencies.

BrightStar shall post a preliminary injunction bond in the amount of $20,000 with the Clerk of Court as security for this preliminary injunction order.

ENTER:

Dated: November 19, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge