IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHTSTAR FRANCHISING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>FORESIDE MANAGEMENT COMPANY, MARK E. WOODSUM, and CLAIRE WOODSUM,<br><br>    Defendants. | Case No.    1:25-cv-08741<br><br>**Judge Mary M. Rowland** |

# DEFENDANTS' OBJECTION TO ORDER RE MOTION FOR RULE TO SHOW CAUSE [DOCUMENT #67]

1. On December 18, 2025, the parties and their counsel appeared before this Court at an In-Person Hearing on Plaintiff's Motion for Rule to Show Cause Re: Contempt. At the close of the hearing, the Court ordered Plaintiff's counsel to confer with Defendants' counsel about the specific formulation of an order appointing a receiver to ensure compliance with the Court's Preliminary Injunction Order (ECF No. 52.)

2. After the hearing, Plaintiff's counsel and Defendants' counsel did confer. (See Declaration of Jeffrey David ("David Decl."), ¶ 3.) They tentatively agreed to target January 31, 2026 as the final date. (David Decl., ¶ 3.) They also agreed that there would need to be some length of time during which both Defendant Mark Woodsum and the receiver would need to be present at Defendant Foreside Management Company together to ensure a smooth handover. (David Decl., ¶ 3.) Finally, they agreed that Plaintiff would provide a draft of the order and the resume of the potential receiver to Defendants for review. (David Decl., ¶ 3.)

3. At 12:47 p.m. on December 19, 2025, Plaintiff's counsel sent the draft order and resume of the potential receiver to Defendants, as well as the rates of the potential receiver. (David Decl., ¶ 4.) They gave Defendants until 3:00 p.m. to respond. (David Decl., ¶ 4.)

4. At 2:15 p.m., Defendants' counsel requested more time to respond, but otherwise agreed that an order should be filed today. (David Decl., ¶ 5.)

5. At 4:00 p.m., Defendant provided a substantive response. (David Decl., ¶ 6.)

6. At 4:51 p.m., Plaintiff advised Defendant that it had "accepted many of" Defendants' changes, that Defendants were otherwise welcome to submit a competing proposed order, but that Plaintiff would be submitting its version of the proposed order. (David Decl., ¶ 7.) They did not provide a copy to Defendants. (David Decl., ¶ 7.)

7. At 4:52 p.m., Plaintiff submitted its proposed order. (David Decl., ¶ 8.) The Court adopted it at 5:14 p.m. (ECF No. 67.)

8. Unfortunately, and as pointed out by Defendants' counsel to Plaintiff, the Order, as adopted, requires Defendant Foreside Management Company to violate California law. The California WARN Act requires in situations like this 60 days' notice before a company can cease operations. Cal. Lab. Code § 1401(a). Unlike the Federal WARN Act, California's version (the Cal/WARN Act) does not provide an exception for unforeseeable business circumstances (such as this litigation). *See* Cal. Lab. Code § 1401(c) (notice not required if mass layoff or termination is the result of physical calamity or act of war) and § 1402.5(a) (notice not required if employer is actively seeking capital or business that would avoid mass layoff or termination, and providing notice would prevent the employer from obtaining the necessary capital or business); *compare* 29 U.S.C. § 2102(b)(2)(A) (notice not required if mass layoff is the result of an unforeseeable business circumstance). Defendant Foreside Management Company is therefore faced with a choice: violate this Court's Order, or violate California law.

Defendants request the Court revise its Order to permit Defendant Foreside Management Company to comply with both its Order and applicable law.

9. Plaintiff's Order also provides further support that Plaintiff's real interest is in acquiring Defendant Foreside Management Company's employees and clients, not ensuring that Defendant Foreside Management Company ceases operations. The Order authorizes the Receiver to simply transfer clients to BrightStar or its designee, an action for which there is no support in either the Court's Preliminary Injunction Order (ECF No. 52) or the Franchise Agreement itself. In fact, such an action has the specific effect of reducing competition, in violation of California law.

10. Plaintiff's Order also precludes Defendants Mark or Claire Woodsum from speaking to any clients or employees. That is exactly the type of prohibition which, as understood from the Preliminary Injunction Order, caused the issues this Order was meant to address. If a client or employee reaches out to the Woodsums, they must be permitted to respond without having to first seek written consent from the Receiver, written consent for which no standard is provided.

11. Plaintiff's Order further fails to provide reasonable limitations and procedural safeguards on the Receiver's authority to dispose of Defendants' assets, such as selling the office building owned by Foreside.

12. Finally, the evidence presented on December 18, 2025, revealed that Defendant Foreside Management Company is without a Chief Operating Officer or a Chief Financial Officer. The Order precludes its next highest ranking employee, Aneliese Burrell, from being onsite. And yet the Order also ignores the parties' preliminary agreement that some amount of transition between Defendant Mark Woodsum and the Receiver be permitted.

13. Attached as **Exhibit 1** is a redlined version of the Order containing Defendants' proposed revisions that address the aforementioned issues, revisions which were supplied to Plaintiffs but never discussed.

14. Attached as **Exhibit 2** is a version of Exhibit 1 with the redlines in final form.

Dated: December 19, 2025　　　　　　　　　FORESIDE MANAGEMENT COMPANY, MARK E. WOODSUM, and CLAIRE WOODSUM

　　　　　　　　　　　　　　　　　　　By: */s/ Jeffrey M. David*
　　　　　　　　　　　　　　　　　　　　　　Jeffrey M. David

　　　　　　　　　　　　　　　　　　　One of their attorneys

Jeffrey M. David, CA Bar No. 265503
Alexander M. Harrison, CA Bar No. 285537
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:　(949) 717-3000
Fax:　(949) 717-3100
jdavid@calljensen.com
aharrison@calljensen.com