IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHTSTAR FRANCHISING, LLC<br><br>**Plaintiff,**<br><br>v.<br><br>FORESIDE MANAGEMENT COMPANY, MARK E. WOODSUM, and CLAIRE WOODSUM,<br><br>**Defendants.** | Case No. 1:25-cv-08741<br><br>Judge Mary M. Rowland |

### ORDER RE: MOTION FOR RULE TO SHOW CAUSE

This matter comes before the Court on Plaintiff BrightStar Franchising, LLC's ["BrightStar"] Motion for Rule to Show Cause [ECF 56] and the Supplement thereto [ECF 63]. Based on the record, including the Court's prior orders and the parties' submissions, and the argument and testimony heard on December 18, 2025, the Court finds that Defendants have failed to comply with this Court's Preliminary Injunction Order [ECF 52]. To ensure immediate and full compliance with that Order, and to promote the orderly transition of client care to new providers, as envisioned by both the Preliminary Injunction Order and the previously approved joint client communication [ECF 51], **IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED** that:

    A.    The December 19, 2025 deadline for Defendants to transition all clients to new providers, as set forth in the Preliminary Injunction Order, is extended to January 16, 2026, and the deadline to cease operations is extended to February 24, 2026 [collectively, the "Transition Period"].

    B.    The Court appoints Stephen J. Donell as Receiver [the "Receiver"] over Defendant Foreside Management Company ["Foreside"], effective immediately, subject to the following terms and conditions:

        1.    The Receiver and his authorized staff shall have full and sole authority to operate, oversee, and manage Foreside's business and to oversee, implement,

and enforce compliance with the Court's Preliminary Injunction Order, including without limitation (a) the transfer of all of Foreside's clients to new providers, and (b) the transfer of telephone numbers used in connection with Defendants' former BrightStar Care Agencies to BrightStar or its designee to the extent not already completed.

2. The Receiver and his authorized staff are authorized to take immediate and exclusive possession, custody, and control of all assets, books, and records of Foreside, wherever located, to exercise all powers necessary and appropriate to carry out the terms of this Order and the Preliminary Injunction Order. This authority includes, without limitation: operating the business; directing employees and agents; retaining, terminating, or reassigning personnel; collecting accounts receivable; paying expenses; entering into, modifying, or terminating contracts in the ordinary course or as necessary to implement client transition; and taking all steps necessary to permit the transfer client services and to transfer telephone numbers consistent with the Preliminary Injunction Order. Receiver and his authorized staff shall have full access and support of the Foreside staff in the operations of his duties under this Order.

3. The Receiver and his authorized staff shall have unfettered access to all of Foreside's assets, including all bank accounts, credit cards, computers, computer systems, telephones, telephone numbers, client information, prospective client information, and employee information for the purpose of implementing this Order and the Preliminary Injunction Order. All such assets and information shall be made immediately available to the Receiver and his authorized staff upon request.

4. The Receiver and his authorized staff shall have unfettered access to all Foreside business locations, including without limitation the Foreside offices at 26023 Acero, Mission Viejo, California 92691 [the "Main Office Location"]. The Receiver and his authorized staff may enter upon the premises at any time and may secure and inventory as necessary to fulfill their obligations.

5. The Receiver and his authorized staff are authorized to share any current or prospective client information and employee information with BrightStar and its designee(s) for the purpose of transitioning care or otherwise complying with this Order and the Preliminary Injunction Order.

6. The Receiver and his authorized staff are fully authorized to pay, from Foreside's bank accounts, other assets, and credit cards, any amounts reasonably necessary to pay Foreside's ongoing expenses, any expenses related to the transition of clients to new providers, and any expenses otherwise necessary to ensure compliance with the Preliminary Injunction Order and this Order. To the extent sufficient funds are not available, Defendants Mark E. Woodsum and Claire Woodsum shall be individually liable for the remainder and shall immediately pay such amounts upon written demand from the Receiver or his authorized staff.

7. To the extent Defendants or any of their employees, acting directly or indirectly, have removed or deleted any information or files, including electronically stored information relating to Foreside, its clients, prospective clients, employees, or business, since December 8, 2025, that information and those files shall immediately be restored to the extent possible and made available to the Receiver and his authorized staff.

8. The Receiver and his authorized staff shall be held harmless and indemnified by Defendants, jointly and severally, for all actions taken in good faith in the course of their duties under this Order, and Defendants shall be jointly and severally responsible for paying all compensation of the Receiver and his authorized staff and all of their reasonable expenses.

9. The Receiver and his authorized staff are authorized to provide a copy of this Order to any financial institution, credit card issuer, payroll provider, telecommunications provider, landlord, or other service provider for purposes of assuming control, obtaining information, or effectuating the transfers directed by this Order.

10. The Receiver and his authorized staff shall provide reasonable status updates to the Court and the parties as appropriate regarding the implementation of this Order and the Preliminary Injunction Order, and may seek further instructions or relief from the Court as necessary, including if the Receiver determines that implementation is complete.

C.  Defendants Mark E. Woodsum and Claire Woodsum shall fully cooperate with the Receiver, shall not interfere with any of the Receiver's or his authorized staff's work, directly or indirectly, and shall not communicate directly or indirectly with any current or prospective clients or employees without the Receiver's or his authorized staff's advance written consent. The Receiver shall immediately report any violation of this paragraph to BrightStar, and BrightStar may report such violations to the Court for further proceedings or sanctions. The Woodsums shall not be on site at the Main Office Location at any time during the Transition Period unless they have advance written authorization from the Receiver or his authorized staff.

D.  Foreside employee Aneliese Burrell shall have no involvement in Foreside's business and shall have no direct or indirect contact with any of Foreside's current or prospective clients or employees. Aneliese Burrell shall receive her current regular wages throughout the Transition Period. Ms. Burrell shall not be on site at the Main Office Location at any time during the Transition Period. The Receiver shall have the right to contact Analiese Burrell to the extent the Receiver determines doing so is necessary to carrying out this Order.

E.  Defendants either directly, if needed, or through the Receiver or his authorized staff shall (a) immediately reinstate the telephone number (949) 837-7000 and shall, upon its reinstatement, immediately transfer that number to BrightStar or its designee, and (b) take

all steps reasonably necessary to effectuate transfer of all telephone numbers and listings used in connection with Defendants' former BrightStar Care Agencies to BrightStar or its designee, as required by the Preliminary Injunction Order.

F. Defendants and all persons acting in concert with them shall immediately deliver to the Receiver or his authorized staff all keys, access cards, security codes, passwords, administrative credentials, and any other access devices necessary to access Foreside premises, computers, systems, email accounts, financial accounts, and telephone systems, and shall not alter, delete, destroy, conceal, or modify any records or data except as permitted or required pursuant to this Order.

G. The Court reserves ruling on any remedies to be issued on Defendants' Motion for Rule to Show Cause, including without limitation any sanctions to be issued and any attorneys' fees to be awarded.

H. Except as expressly set forth herein, this Order supplements, and does not limit, the Court's Preliminary Injunction Order, which remains in full force and effect.

E N T E R:

Dated: December 23, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge